UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUATU MUUSILA,<br><br>        Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>        Defendant. | No. 2:14-cv-00231 DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has not, however, filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). The court will therefore deny the application to proceed in forma pauperis as incomplete. However, plaintiff will not be ordered to complete his application to proceed in forma pauperis for the reasons set forth below.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
7  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

8  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
9  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
11 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
12 However, in order to survive dismissal for failure to state a claim a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550
15 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
17 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18 doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

19 The Civil Rights Act under which this action was filed provides as follows:
20 Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of
21 the United States . . . to the deprivation of any rights, privileges, or immunities secured by the
22 Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other
23 proper proceeding for redress.  42 U.S.C. § 1983.  The statute requires that there be an actual
24 connection or link between the actions of the defendants and the deprivation alleged to have been
25 suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v.</u>
26 <u>Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional
27 right, within the meaning of § 1983, if he does an affirmative act, participates in another's
28 affirmative acts or omits to perform an act which he is legally required to do that causes the

2

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the caption of his complaint, plaintiff has named only the "convicting court" as the defendant in this action. (ECF No. 1 at 1.) Moreover, plaintiff has listed no defendants in the section of the form complaint calling for that information. (See ECF No. 1 at 2.) In his statement of claim, plaintiff alleges only: "I am not a U.S. citizen. I would like to be deported back to Western Samoa Samoa [sic]." (ECF No. 1 at 3.) In terms of the relief he seeks, plaintiff states in his complaint merely, "[m]ake it easy for my deport[.]" (Id.)

Title 42 U.S.C. § 1983 – under which plaintiff is proceeding in this civil rights action – is the proper mechanism for raising a federal challenge to the conditions of one's confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Here, however, it is apparent that plaintiff is not challenging the conditions of his confinement. Therefore, the court will recommend that this action be dismissed for failure to state a cognizable claim.[1]

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's January 24, 2014 application to proceed in forma pauperis (ECF No. 2) is denied as incomplete; and

2. The Clerk of the Court is directed to randomly assign this action to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

---

[1] When a prisoner challenges the fact or duration of his custody and a determination of his action may result in his entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). Here, however, petitioner is not challenging his underlying conviction and sentence in any manner and thus federal habeas relief would not appear to be available to him. Rather, it appears that petitioner may be seeking deportation in order to avoid serving his state prison sentence. There would appear to be no valid basis for the granting of such relief. See Kaba v. U.S. Attorney General, No. 2:08-CV-0154, 2009 WL 1097259, at *2 (N.D. Tex. Apr. 22, 2009) (denying federal habeas relief with respect to such a claim seeking immediate or expedited deportation).

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 3, 2014

DAD:4
muus0231.fsc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE